UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| ENTERASYS NETWORKS, INC. | § | |
|     Plaintiff, | § | |
| v. | § | |
| | § | |
| MEXMAL MAYORISTA, S.A. de C.V., | § | |
| INTERNATIONAL BANCSHARES | § | CASE NO. 04:07-cv-02501 |
| CORPORATION D/B/A IBC, PATRICK | § | |
| WONG, ALFREDO FLORES, | § | |
| GULFSTAR GROUP G.P., L.L.C., | § | |
| INTERNATIONAL FINANCE | § | |
| CORPORATION D/B/A IFC, MEXMAL | § | |
| GROUP, LTD. D/B/A GRUPO MEXMAL, | § | |
| AND MEXMAL GROUP | § | |
| MANAGEMENT L.L.C., | § | |
|     Defendants. | § | |

**INTERNATIONAL FINANCE CORPORATION'S
PRELIMINARY REPLY TO ENTERASYS NETWORKS' RESPONSE TO
INTERNATIONAL FINANCE CORPORATION'S NOTICE OF RECENT AUTHORITY**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    International Finance Corporation ("IFC" ), a creditor and party-in-interest in the above-styled matter, and, without waiving its rights, privileges, and immunities under its Articles of Agreement, the International Finance Corporation Act (22 U.S.C. § 282 *et seq*.), and the International Organization Immunities Act (22 U.S.C. § 288 *et seq*.), files this Preliminary Reply (the "Reply") To Enterasys Networks' Response (the "Response") To International Finance Corporation's Notice Of Recent Authority (the "Notice of Recent Authority"), and would respectfully show the Court as follows:

1

## BACKGROUND

1. Upon granting the recommendation of United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") to withdraw the reference, this Court received IFC's Motion to Dismiss the Amended Complaint of Enterasys Networks, Inc. ("Enterasys") [Dkt. No. 11], along with various joinders, responses, and/or replies thereto. At the August 20, 2007 status conference, this Court informed the parties that all briefing would be taken under advisement, and that no additional briefing or oral argument should be provided to the Court, with the exception that IFC could file its notice of additional authority to provide to the Court those cases referenced at oral argument in the Bankruptcy Court by counsel for IFC, but reported after, and thus not included in, its original briefing. IFC promptly filed the relevant additional authority [Dkt. No. 6].

2. In order to apprise this Court of an newly-issued opinion from the Southern District of New York entered as a consolidated memorandum and order dated September 20, 2007, (the "Banco/Stiegwardt Order"),[1] that bears directly on the issues raised in IFC's Motion to Dismiss, IFC filed on September 26, 2007, its Notice of Recent Authority [Dkt. No. 29], bringing this new decision to the Court's attention. The District Court in this recent decision analyzed IFC's immunity as an international organization, as well as the seminal case law relating thereto (also cited in IFC's Motion to Dismiss and/or related Reply), and determined that the plaintiffs and their claims were not the types of plaintiffs and/or claims for which IFC has waived its absolute immunity. The time for appeal of the Banco/Stiegwardt Order has expired and no notice of appeal has been filed, thus the Banco/Stiegwardt Order is now final.

---

[1] *See* Dkt. No. 29, Ex. 1 (*Banco v. IFC*, No. 06-cv-02427-LAP, 2007 U.S. Dist. LEXIS 69741 (S.D.N.Y., Sept. 20, 2007); *Stiegwardt, et al*, *vs IFC*, No. 06-cv-3739-LAP, 2007 U.S. Dist. LEXIS 69741 (S.D.N.Y., Sept. 20, 2007)).

3. On October 10, 2007, Enterasys filed its Reply to IFC's Notice of Additional Authority, arguing that the Banco/Stiegwardt Order is distinguishable from the present case.

4. Mindful of the Court's admonition against additional briefing in this case, and out of an abundance of caution, IFC files this Reply to Enterasys' Response, and limits the same to the Banco/Stiegwardt Order and the arguments set forth in the Response. IFC reserves the right to supplement this response if necessary or if requested by the Court and provide additional, more fulsome briefing.

**PRELIMINARY REPLY**

5. The complaints dismissed for lack of subject matter jurisdiction by the Banco/Stiegwardt Order, were filed by certain bond and/or commercial paper owners against IFC, alleging that IFC should be held liable for failing to supervise the functioning of Banco Montevideo and safeguarding the bank's assets from improper loans to insiders by virtue of IFC's less than 10% ownership of Banco Montevideo and by its entitlement to appointment a director on the Banco Montevideo's board.

6. In finding a lack of subject matter jurisdiction over IFC, the Banco/Stiegwardt Order reiterates and further defines the immunity granted to IFC by the International Organizations Immunities Act. The order and memorandum is summarized as follows:

    (a) The IFC has "absolute immunity" from suit unless (i) expressly waived by the IFC or (ii) modified by order of the President. *See* Banco/Stiegwardt Order at p. 12.

    (b) By its Articles of Agreement, IFC has voluntarily waived its absolute immunity to suit for certain actions that are necessary to advance its chartered objectives (*i.e.*, <u>only</u> waving immunity for "suits by [IFC's] debtors, creditors, bondholders, and those other potential plaintiffs to whom [IFC] would have to subject itself to suit in order to achieve its chartered objectives"). *See* Banco/Stiegwardt Order at p. 13-14.

(c) The IFC waiver of immunity, which must be narrowly construed, did not extend to plaintiffs' suit, because:

(i) "IFC [had] no direct relationship with Plaintiffs . . . . Plaintiffs and IFC [had] no contracts or agreements between them, Plaintiffs owe[d] no debts to IFC, and IFC owe[d] not debts to them;"

(ii) Nor are the Plaintiffs the type of other 'potential plaintiffs to whom IFC would have to subject itself to suit in order to achieve its chartered objectives.'" *See* Banco/Stiegwardt Order at p. 15-16 (emphasis added).

7. Enterasys, seemingly agreeing with the above summary of the Banco/Stiegwardt Order, argues that this case is different because IFC "was aware of Enterasys' status as a creditor of Mexmal" prior to lending funds to Mexmal Mayorista S.A. de C.V. ("Mexmal"). *See* Response at p. 2. Enterasys suggests that in the Banco/Stiegwardt cases, immunity was properly recognized because the plaintiff deposit holders "were unknown to IFC . . . ." *See* Response at p. 2. Enterasys misinterprets the Banco/Stiegwardt Order. The New York District Court's analysis hinged on the *relationship* between IFC and the plaintiffs (or lack thereof) and whether allowing suit by parties with tenuous commercial contacts would further IFC's objectives. There was no mention or consideration of IFC's "knowledge" (or lack thereof) of the plaintiffs as bondholders in the Banco/Stiegwardt Order.

8. The case before this Court presents an even more tangential relationship that cannot trigger the IFC limited immunity waiver and defeat IFC's otherwise absolute immunity from suit as articulated in the Banco/Stiegwardt Order and asserted by IFC throughout these proceedings. In the Banco/Stiegwardt cases, IFC was a minority owner of Banco Montevideo, a bank that was ordered to liquidate by the Central Bank of Uruguay because of improper insider transactions (not involving IFC). The plaintiffs contended that IFC, as an owner with the right to monitor the bank and appoint a board member, was liable under the governing laws of Uruguay.

55090781.2

The New York District Court determined that the link between IFC and the plaintiffs was too tangential, and the alleged claims would not advance the goals of the IFC.

9. In the present case, there is similarly no direct relationship between Enterasys and IFC, and any conceivable indirect relationship is even more tenuous than in Banco/Stiegwardt. Rather than having an ownership interest in the alleged wrongdoer, here, IFC merely loaned money to Mexmal, the alleged bad actor in this case, long after the transactions between Mexmal and Enterasys giving rise to Enterasys' claim had been concluded.[2]

10. Moreover, IFC vehemently denies any wrongdoing in this case and is not attempting to "avoid adherence to basic principals of commercial conduct and fair dealings." *See* Response at p. 3. Rather, IFC, having made a loan to an entity in Mexico that used the funds to pay its creditors,[3] is asserting the protections afforded to it by international agreement, Congressional enactment and Presidential decree to defend against groundless claims brought by a disgruntled creditor of its borrower Mexmal. Protecting international financial organizations such as IFC from the costs of defending against litigation, such as the case before the Court, which bears no relationship to the advancement of its chartered objectives is precisely why these immunity protections were enacted.

11. In short, Enterasys is not a debtor, creditor, bondholder, or other potential plaintiff to whom IFC would have to subject itself to suit in order to achieve its chartered objectives. Thus, for the reasons stated in IFC's prior briefing and most recently expressed in the Banco/Stiegwardt Order, there is no basis for finding a waiver of immunity to allow a third party,

---

[2] In its Response, Enterasys also cites to *Osseiran v. Int'l Fin. Corp.*, 498 F. Supp. 2d 139, 145 (D.D.C. 2007). In that case, unlike the present case, IFC's relationship to the plaintiff was not tangential; IFC had directly negotiated with the plaintiff for the sale of certain stock held by IFC and the plaintiff's claims against IFC arose out of those negotiations. By comparison IFC had no direct or indirect negotiations, communications or relationship of any kind with Enterasys: (1) prior to IFC's making its loan to Mexmal; (2) during the time Mexmal made use of the loaned funds; or, indeed, (3) prior to Enterasys' appearance in the underlying bankruptcy case.

[3] On information and belief, Mexmal used some of the funds from the loan to pay a portion of the amounts it owed to Enterasys.

55090781.2

Enterasys, with no direct or indirect commercial relationship to IFC, to sue IFC because IFC's borrower failed to fully pay Enterasys' invoices.

12. Therefore, based on IFC's absolute, unwaived immunity, IFC respectfully requests that the Court grant its Motion to Dismiss the Amended Complaint of Enterasys for lack of subject matter jurisdiction.

Dated: October 26, 2007,
      Houston, Texas.

Respectfully submitted,

**FULBRIGHT & JAWORSKI L.L.P.**

 /s/  R. Andrew Black
Zack A. Clement
State Bar No. 04361550
R. Andrew Black
State Bar No. 02375110
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

**ATTORNEYS FOR INTERNATIONAL FINANCE CORPORATION**

55090781.2

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply was served on all parties listed below, via electronic mail and/or United States first-class mail, on this 26th day of October, 2007.

                                                     */s/ R. Andrew Black*
                                                    R. Andrew Black

Alex Darcy
Askounis & Borst, P.C.
Two Prudential Plaza
180 N. Stetson St., Suite 3400
Chicago, IL 60601

Sigifredo Perez, III
Kazen, Meurer and Perez, LLP
1619 Matamoros Street
Laredo, TX 78040

Diann M. Bartek
Cox Smith Matthews Incorporated
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205

Carlos David Castillon
Freeman & Castillon
1620 Santa Ursula, Suite 2
Laredo, Texas 78040-3864

Kyung S. Lee
Erin E. Jones
Diamond McCarthy Taylor Finley Bryant & Lee, L.L.P.
Two Houston Center
909 Fannin, Suite 1500
Houston, Texas 77010

David R. Jones
Porter & Hedges, L.L.P.
Reliant Energy Plaza
1000 Main Street, 36th Floor
Houston, Texas 77002

Stephen W. Lemmon
Susana Carbajal
Brown McCarroll LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701

Doug H. Edwards
Haynes and Boone, LLP
1221 McKinney, Suite 2100
Houston, Texas 7701